HON CHARLES P. AYERS, JR. County Attorney, Tioga County
This is in response to your recent letter requesting an opinion of the Attorney General as to whether or not the Tioga County Sheriff's Department may use its personnel and equipment to dispatch calls received in connection with the American Legion Ambulance Service located in Tioga County.
The Public Safety Committee of the Tioga County Legislature is considering the use of the Tioga County Sheriff's Department to dispatch calls to the American Legion Ambulance Service. A message received at the Sheriff's Department either by telephone or radio would be relayed to the American Legion Ambulance Service without charge to the ambulance service. No additional personnel, other than those personnel normally engaged in dispatching police and fire calls, would be used to provide this service. Also, no additional equipment would be obtained or used to provide the service other than the equipment normally in use in connection with the dispatching of fire and police calls.
It is assumed for the purpose of this discussion that the messages dispatched to the Ambulance Service are originated or performed within Tioga County, or are otherwise within the territorial jurisdiction of the Tioga County Sheriff's Department. We understand that no county funds are spent to provide this service to the Ambulance Service, and that there is no additional depreciation of county equipment as a result of this service.
Municipal Home Rule Law, § 10(1) (ii) (a) (12), provides, in part, as follows:
 "1. In addition to powers granted in the constitution, the statute of local governments or in any other law,
* * *
 "(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
"a. A county, city, town or village:
* * *
 "(12) The government, protection, order, conduct, safety, health and well-being of persons or property therein. * * *."
The county legislature is the legislative body of the county, and therefore may exercise the legislative powers granted to a county under the Municipal Home Rule Law. A system of dispatching messages for ambulance service within the county would appear to constitute protecting the safety, health and well-being of persons within the county, and is therefore a power exercisable by the county legislature. We find no constitutional provision or general law restricting or inconsistent with providing this message relaying service by a county sheriff's department.
General Municipal Law, § 122-b, provides, in part, as follows:
 "1. Any county, city, town or village may provide a general ambulance service for the purpose of transporting sick or injured persons found within the boundaries of the municipality to a hospital, clinic, sanatarium or other place for treatment of such illness or injury, and for that purpose may
* * *
 "(b) Contract with one or more individuals, municipal corporations, associations, or other organizations, having sufficient trained and experienced personnel, for operation, maintenance and repair of such vehicles and for the furnishing of emergency treatment * * *."
General Municipal Law, § 122-b, authorizes a county to make expenditures from county funds to contract with organizations for the operation of ambulance service within the county. It would logically follow that the county would also be authorized to make county personnel and equipment available for providing ambulance service within the county. There appears to be no significant difference between a county contracting for ambulance service pursuant to General Municipal Law, § 122-b, and making the communications facilities of the county sheriff's department available to an ambulance service within the county without the appropriation of county funds, or the necessity for additional county personnel or equipment.
General Municipal Law, § 209-p, provides that a fire department may accept calls for aid in cases of fire or other emergencies from outside its territorial limits and may relay such calls to the fire department serving the area involved. This provision of the General Municipal Law is analogous to the question presented, and it would appear that relaying emergency ambulance calls by a county sheriff's department for emergencies within the county would similarly be allowed.
County Law, § 650, provides as follows:
 "The Sheriff shall perform the duties prescribed by law as an officer of the court and conservator of the peace within the county. He shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors." (Emphasis supplied.)
This provision would require that the county sheriff follow the directions of the county legislature concerning the use of the communications facilities of the county sheriff for relaying messages to an ambulance service. County Law, § 150-a, provides that the county legislature possesses all of the powers exercisable by the county board of supervisors, and therefore the county legislature may direct that the sheriff make his communications facilities available according to a local law adopted by the county legislature.
It would also appear that the county sheriff would be required to provide service to injured persons in an emergency situation. County Law, §656, provides, in part:
 "If, in the protection of human life and property, the sheriff shall deem it necessary to hire any equipment or apparatus together with the operator thereof, he may hire the same during the period of an emergency or catastrophe at a reasonable charge therefor. The same shall be audited and paid as a county charge * * *."
This provision authorizes the county sheriff to expend county funds to hire an ambulance to provide emergency service to protect human life. This implied duty imposed on the county sheriff may be adequately fulfilled by making the personnel and equipment of the county sheriff available for the relaying of emergency ambulance messages to an ambulance service.
Based on the facts presented, we conclude that the Tioga County Legislature may direct that the Tioga County Sheriff's Department use its personnel and equipment to dispatch calls for emergency ambulance service within Tioga County. This opinion is based on the assumption that this is a public ambulance service which is available to all persons located within the service area, and is not a service restricted to members of a certain association or group. This opinion is not limited to emergency ambulance service provided by the American Legion Ambulance Service, but would also apply to any emergency ambulance service available to the general public and operating within Tioga County.
We express no opinion as to any possible or potential liability of the Tioga County Sheriff's Department or the County of Tioga resulting from the receiving or dispatching of any messages received by the Tioga County Sheriff's Department.